UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN SHAPIRO, | Case No. 1:25-cv-00701-DCN |
| Plaintiff, | |
| v. | **INITIAL REVIEW ORDER** |
| JOY CAMPANELLI, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff John Shapiro's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Shapiro's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Shapiro's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court DENIES Shapiro's application to proceed in forma pauperis. Additionally, after a review of the Complaint, the Court must DISMISS the case WITH PREJUDICE.

## II. BACKGROUND

Shapiro is suing Joy Campanelli for alleged violations of his constitutional rights. *See generally* Dkt. 2. Shapiro alleges Campanelli conspired with others and violated his

Fourteenth Amendment rights. He demands one (1) million dollars from Campanelli as damages for the alleged constitutional violations. Shapiro does not provide any factual information in his complaint, however, he seeks to proceed in forma pauperis, citing his income and monthly expenses are the same amount. Dkt. 1.

### III. LEGAL STANDARD

#### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

#### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any

portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

The Court has reviewed Shapiro's Application and finds that it lacks the "particularity, definiteness, and certainty" required to establish his poverty. Shapiro utilized the Administrative Office of the Court's generic in forma pauperis form, but he provided such sparse information that there is almost no insight into his actual financial situation. Dkt. 1. The only income Shapiro claims is $1,000 per month in wages but indicated he "CANNOT STATE" the name and address of his employer. *Id*. He claims he

has $20 in cash or a checking account, no assets, and no outstanding debts. *Id*. Shapiro claims expenses totaling $1,000 a month ($800 in food, $200 in transportation). *Id*.

The Court has serious concerns about the veracity of Shapiro's application due to its sheer impracticability, which has left the Court with more questions than answers. Shapiro does not state whether he pays housing expenses such as rent and utilities. He lists "NA" in debts or financial obligations and claims he does not receive any income from any other sources. Put bluntly, it is unclear how Shapiro is surviving when he earns $1,000 each month from an employer that he cannot state, and spends $1,000 each month on food and transportation, not including basic necessities of life such as housing, without any kind of additional income or assistance.

The Court does not mean to be insensitive to Shapiro's circumstances. But without more information clarifying what support Shapiro has received, it is unable to grant his request to proceed in forma pauperis at this time. Accordingly, his Motion is DENIED. What's more, as explained below, the Court must dismiss Shapiro's case with prejudice because it is frivolous. Because of that, the Court will not grant Shapiro leave to amend his in forma pauperis request.

### B. Sufficiency of Complaint

Shapiro's Complaint alleges that, based on information and belief, Campanelli conspired with others and those actions violated his Fourteenth Amendment rights. Dkt. 2. Shapiro demands one (1) million dollars from Campanelli. *Id*. Shapiro's Complaint does not provide any information to support his claim.

Shapiro's Complaint fails to state a claim upon which relief can be granted because

it does not contain any detailed facts illustrating a plausible cause of action. Shapiro failed to provide any information regarding how Campanelli allegedly conspired with others, and while Shapiro claims Campanelli violated his Fourteenth Amendment rights, he fails to provide any details about events that would constitute a violation. It is not the Court's responsibility to investigate generalized and unsubstantiated grievances; it is Shapiro's responsibility to provide facts and specific legal claims the Court can review for plausibility. Without more details about what allegedly transpired between Shapiro and Campanelli, the Court cannot analyze whether there has been a plausible violation of his Fourteenth Amendment rights.[1]

Moreover, this is not Shapiro's first rodeo. He has filed multiple lawsuits across the county.[2] Each is virtually identical to the instant action, and most have been dismissed as frivolous.

Under § 1915(e)(2)(B)(i), a district court may dismiss an action if it finds the filing is frivolous or malicious. Duplicative lawsuits filed by a plaintiff proceeding *in forma*

---

[1] Shapiro's Complaint is, quite literally, two sentences long. Dkt. 2, at 1.

[2] *See, e.g., Shapiro v. Campanelli*, Case No. 6:25-cv-02340-AA (D. Oregon Jan 14, 2026); Case No. 1:24-cv-02535, at 3 & n.1 (S.D. Ind. Dec. 16, 2025); Case No. 5:25-cv-143 (W.D. Va. Dec. 11, 2025); Case No. 1:25-cv-530 (D.N.H. Dec. 12, 2025); Case No. 3:25-cv-354 (N.D. Miss. Dec. 12, 2025); Case No. 3:25-cv-1025 (W.D. Wis. Dec. 12, 2025); Case No. 2:25-cv-1220 (E.D. Tex. Dec. 15, 2025); Case No. 1:25-cv-373 (E.D. Tenn. Dec. 15, 2025); Case No. 2:25-cv-13861 (D.S.C. Dec. 15, 2025); Case No. 5:25-cv-1517 (W.D. Okla. Dec. 15, 2025); Case No. 3:25-cv-3395 (C.D. Ill. Dec. 15, 2025); Case No. 1:25-cv-671 (D.R.I. Dec. 15, 2025); Case No. 3:25-cv-735 (D. Nev. Dec. 15, 2025); Case No. 1:25-cv-737 (S.D.W.V. Dec. 15, 2025); Case No. 2:25-cv-159 (N.D. Ga. Dec. 16, 2025)); Case No. 3:25-cv-30209 (D. Mass. Dec. 12, 2025); 1:25-cv-00294 (D. Wy. Dec. 15, 2025); 4:25-cv-679 (N.D. Okla. Dec. 15, 2025); 4:25-cv-01416 (N.D. Tex. Dec. 15, 2025); 3:25-cv-00199 (M.D. Ga. Dec. 15, 2025); 8:25-cv-00722 (D. Neb. Dec. 16, 2025); 1:25-cv-1252 (D.N.M. Dec. 16, 2025); 2:25-cv-02139 (N.D. Ala. Dec. 16, 2025); 2:25-cv-00159 (S.D. Ga. Dec. 16, 2025); 5:25-cv-04122 (D. Kan. Dec. 16, 2025); 3:25-cv-00414 (S.D. Tex. Dec. 16, 2025); 3:25-cv-06134 (W.D. Wash. Dec. 16, 2025); 3:25-cv-01452 (M.D. Tenn. Dec. 16, 2025); 1:25-cv-00045 (D. Guam Dec. 17, 2025).

*pauperis* may qualify as frivolous or malicious. *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995).

Because Shapiro has filed multiple duplicative lawsuits, each lacking any substantive claims or facts, the Court finds the instant action must likewise be dismissed with prejudice as frivolous.[3]

## V. CONCLUSION

Shapiro has not sufficiently proved his indigency and the Court will not waive the filing fee in this case. Additionally, the Court finds that Shapiro's Complaint is frivolous and, therefore, DISMISSES the Complaint WITH PREJUDICE. Shapiro may not amend his Complaint or his in forma pauperis application.

## VI. ORDER

1. Shapiro's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED.
2. Shapiro's Complaint (Dkt. 2) is DISMISSED WITH PREJUDICE.
3. This case is CLOSED.

DATED: January 30, 2026

David C. Nye
Chief U.S. District Court Judge

---

[3] To the extent it becomes necessary, the Court would also note any appeal of this Order would not be taken in good faith. 28 U.S.C § 1915(a)(3). See *Wooten v. D.C. Metro. Police Dep't*, 129 F.3d 206 (D.C. Cir. 1997) ("The purpose of § 1915(a)(3) is not simply to deter, but to preclude prisoners (and nonprisoners) from taking appeals *in forma pauperis* when they attempt to do so in bad faith.").